BRAC, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Convert a Cautionary Notice into a Record

No. 278.—Decided April 27, 1916.

ADMINISTRATIVE APPEAL—ACQUIESCENCE—CORRECTION OF DEFECT.—When the appellant has acquiesced in a decision refusing to record his title because of the defect assigned by the registrar, the only question to be considered on appeal from a second decision is whether such defect was cured by the document presented in the registry for that purpose.

RECORD OF TITLE—PRIVATE PROPERTY—AFFIDAVIT—CORRECTION OF DEFECT.—An affidavit made by a vendor for the purpose of showing that said vendor

was a widow when she acquired the property sold and that she purchased it with her own money, thus correcting the defect assigned by the registrar as prohibiting the record of the sale, is not the proper document for that purpose. There is no authority for the use of an affidavit to show the private character of property.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

The Registrar of Property of San Juan, Section 1, refused to record a deed of sale executed on December 21, 1915, before Notary Rincón Plumey whereby Arturo Brac Brignoni bought a certain property from Guadalupe Gales, on the ground that the books of the registry did not show the civil status of the vendor, who is now a widow, at the time she acquired the property. The decision was not appealed from by the parties and later the instrument was presented with an affidavit in which the vendor averred that she was a widow when she bought the property and that the money paid for it was her own money. The said registrar refused to convert the cautionary notice which had been entered into a record because the affidavit was not sufficient to prove the fact which it sought to establish. From that decision the purchaser took the present appeal, praying that this court reverse the same and order the registrar to admit the deed of sale to record.

Brac Brignoni having acquiesced in the first decision refusing to admit his title to record because of the defect assigned by the registrar, the only question before us now is whether such defect was cured by the affidavit presented in the registry for that purpose. *Hernández* v. *The Registrar of Property,* 14 P. R. R. 768; *Barreras* v. *The Registrar of Property,* 15 P. R. R. 542.

The affidavit presented by the appellant for the purpose of proving to the registrar that the vendor was a widow when she acquired the property sold to him and of correcting the defect which prohibited the record is not the proper docu-

ment for that purpose, for, as we said in the case of *Delgado v. The Registrar of Caguas,* 22 P. R. R. 117, and that of *Successors of Andreu & Co., Ltd.,* v. *The Registrar,* therein cited, the primary object of an affidavit is for court purposes, although it may be used for other purposes when expressly permitted by law; and there is no authority for the use of an affidavit to show the separate character of a piece of property.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.